## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAN D. PRATHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )     CASE NO. CIV-12-1004-R |
| | ) |
| MIDWEST CITY REGIONAL | ) |
| HOSPITAL, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, has brought this action purporting to seek relief pursuant to 42 U.S.C. §1983 for the alleged violation of his constitutional rights.[1] United States District Judge David L. Russell has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B) and (C).

## Plaintiff's Complaint

Plaintiff names Midwest City Hospital as Defendant, explaining that it acted under the color of state law through its status as a "Hospital." [2]  [Doc. No. 1, p. 1].  When called on by the form complaint to briefly state the background of his case, Plaintiff only provides labels such as medical malpractice, Eighth Amendment suit, misrepresentation, and payment of an indebtedness.  *Id.* at 2.

---

[1]Plaintiff has now been placed on notice in eight (8) newly filed cases in this court that he has accumulated three strikes pursuant to the provisions of 28 U.S.C. § 1915.  *See, e.g, Prather v. Bureau of Alcohol Tobacco Firearms and Explosives,* CIV-12-1369-R [Doc. No. 5].

[2]Unless otherwise indicated, quotations in this report are reproduced verbatim.

In the first of three counts, Plaintiff alleges that "managed care infects my health services." *Id.* at 3. His supporting facts reference medical malpractice with regard to the administration of blood pressure medication which "gave me Excessive Force to my Heart and almost caused my Death under supervision of a Midwest City Doctor's supervision." *Id.* Count II claims the denial of a medical diet; by way of supporting facts, Plaintiff references injury from medical malpractice, delay in treatment, and "unlawful Medical Cost by Private Care Provider." *Id.* In Count III, Plaintiff continues with the theme of "medical cost by Private Care Provider opens liability." *Id.* at 4. He states that "mental Health System violates 8th Amendment managed Health care" and that "Doctor would have been Liable in medical malpractice death[.]" *Id.* By way of relief, Plaintiff seeks "seven hundred billion dollars." *Id.* at 5.

Upon initial review of Plaintiff's complaint and for the reasons which follow, the undersigned recommends that this complaint be dismissed upon filing pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## Standard for Initial Screening

The court must promptly review Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it lacks an arguable legal basis or contains fanciful factual allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). In

reviewing the sufficiency of the complaint, the court considers whether Plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  All well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to Plaintiff.  *Sunrise Valley, LLC v. Kempthorne,* 528 F.3d 1251, 1254 (10th Cir. 2008), *cert. denied,* 129 S.Ct. 2377 (2009). A pro se plaintiff's complaint must be broadly construed under this standard.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, the "broad reading" of pro se complaints dictated by *Haines* "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Hall*, 935 F.2d at 1110.  The court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

## Analysis

The foregoing review of Plaintiff's complaint in light of the standards on initial screening reveals that Plaintiff has wholly failed to allege facts sufficient to state a recognized legal claim under Section 1983.[3]  *See Hall*, 935 F.2d at 1110.  Plaintiff only speaks in vague and conclusory terms about inadequate medical care, presumably while he was incarcerated.  Moreover, Plaintiff has failed to adequately maintain that Defendant Midwest City Hospital was a state actor who violated his rights under the Constitution or

---

[3]At best, Plaintiff has attempted to plead a malpractice claim.

3

federal law. *See Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978). "In order to establish state action, a plaintiff must demonstrate that the alleged deprivation of constitutional rights was 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible.'" *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995)(quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)). Additionally, "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar*, 457 U.S. at 937.   Because Plaintiff's complaint fails to properly state a claim upon which relief can be granted and is frivolous in the absence of an arguable legal basis under 42 U.S.C. § 1983, dismissal without prejudice to refiling is warranted.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For these reasons, the undersigned Magistrate Judge recommends that this complaint be dismissed without prejudice for failure to comply with a court order and pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).   Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of the Court by January 17, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.   Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.   *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

4

DATED this 28th day of December, 2012.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE